·THEODORE O. STARKE vs. WILLIAM T. LEWIS.

A decree in the appellate court, dismissing a bill, is a final disposition of the cause, and the parties cannot be again brought into the court below by petition.

Where a complainant obtains an injunction to restrain the sale of personal property which remains in his possession, he giving bond and security to have it forthcoming to answer the decree of the court, and the bill is dismissed upon appeal, the defendant cannot obtain the possession of the property, upon an application by petition to the chancery court, by virtue of a writ of restitution. He must resort to his remedy upon the injunction bond, or to an original suit to obtain possession.

In practice, the writ of restitution appears to be unknown in the chancery court.

ON appeal from the superior chancery court; Hon. Stephen Cocke, chancellor.

The opinion of the court contains a sufficient statement of the facts of the case.

*Montgomery & Boyd*, for plaintiff in error.

*J. Winchester & G. Winchester*, for defendant in error.

Mr. Justice CLAYTON delivered the opinion of the court.

This case was decided in this court in 1848, and will be found reported in 10 S. & M. 120. It was then reversed, the injunction dissolved, and the bill dismissed.

During the pendency of the injunction, the slaves in controversy had been directed to remain in the possession of Starke, who had given bond and surety to have them forthcoming to answer the decree of the court. They were in fact placed in the hands of Elliott, his surety. After the decision in this court, Starke and Elliott refused to deliver up the slaves, and at the January term, 1849, Lewis filed his peti-

tion in the court of chancery for a writ of restitution, which was awarded to him, and an appeal taken from that order to this court.

The point in this case is covered by the decision in *Hill* v. *Richards*, 11 S. & M. 200. The cause was finally disposed of by the decree dismissing the bill, and the parties could not be again brought into court by petition. Had the bill been retained, and the cause remanded to the chancery court, then a compliance with the decree might have been enforced by that court. But as the party had a decree entered in this court, for the dismission of the bill, at the costs of the complainant, that was a final end of the case, and a failure of the complainant to deliver the slaves left the other party to an action on the bond, or to an original suit to obtain possession.

The writ of restitution in the English practice appears to be confined to courts of law, and it is awarded by the court which reverses the judgment, not by that whose judgment is reversed. Tomlin, Law Dic. tit. Restitution. Neither Daniell nor Smith, in their elaborate works on chancery practice, refer to this writ as pertaining to that court.

We can see no ground for the exercise of the jurisdiction by the chancery court in this case; the decree is therefore reversed, and the petition dismissed.